Pfeifer, J.,
dissenting.
{¶ 23} I agree with Justice Lanzinger’s analysis that R.C. 5303.01 recognizes that common-law actions to quiet title may be brought against the state. When a landowner grants an easement to the state for highway use and the state no longer uses the easement for a highway, the landowner should not be held to the whim of the director of the Ohio Department of Transportation to regain fee simple in his or her property. Landowners have retained the right to bring a common-law action to force abandonment to reclaim their full fee rights in instances where the state has abandoned the sticks it acquired from the landowner’s bundle of rights.
{¶ 24} I further dissent in order to challenge the majority’s citation of Federal Highway Administration regulations that “require state transportation departments, if they wish to dispose of any interest in real property that was acquired with federal funds, to offer the property to other government agencies for use as parks, in conservation, or for other recreational purposes if the property has the potential for such use. 23 C.F.R. 710.409(b).” Those rules, if applied here, would constitute an unconstitutional taking. The state’s property interest here is an *7 easement for highway use; to transfer the interest for use as a park would be transferring an interest greater than the state held.